NOT DESIGNATED FOR PUBLICATION

No. 121,632

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP TETERS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Linn District Court; AMY L. HARTH, judge. Opinion filed September 4, 2020. Affirmed in part and dismissed in part.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., GREEN and BUSER, JJ.


PER CURIAM: Phillip Teters pleaded guilty to driving under the influence (fourth or subsequent conviction). The trial court sentenced Teters to 12 months in the Linn County Jail after finding the existence of 3 or more prior DUI convictions. On appeal, Teters argues that the trial court abused its discretion when it imposed the maximum sentence authorized under K.S.A. 2013 Supp. 8-1567(b)(1)(E). In addition, Teters argues that the judicial findings of previous convictions, which elevated his prison sentence, violated § 5 of the Kansas Constitution Bill of Rights.

1

We issued a show cause order to Teters and the State to update this court concerning Teters' custodial status and to show cause whether this appeal is moot in light of his custodial status. Teters responded that he had completed his county jail sentence and had been released from physical custody. And thus, he concedes that the first issue of his appeal is mooted by the completion of his jail sentence. Thus, we dismiss this part of his appeal. Nevertheless, both Teters and the State agree that the second issue in this appeal is not moot. We conclude, however, that Teters' sentence does not violate § 5 of the Kansas Constitution Bill of Rights and affirm the trial court's decision. As a result, we affirm in part and dismiss in part.

In November 2014, the State charged Teters with driving under the influence, his fourth or subsequent conviction, contrary to K.S.A. 2013 Supp. 8-1567(b)(1)(E). As a result of plea bargaining, Teters agreed to plead guilty and request the minimum sentence for a fourth or latter DUI: 72 hours in the county jail, followed by 2,160 hours on house arrest. The State agreed not to oppose Teters' sentencing request and to dismiss all other charges, as well as a separate pending traffic case. At an April 2016 hearing, Teters pleaded guilty and the court ordered a presentence investigation (PSI) report and scheduled a sentencing hearing for June 2016.

Multiple factors delayed the sentencing hearing, including Teters' extradition to Missouri for a period of incarceration and for a sepsis condition in Teters' foot, which eventually led to an amputation. The trial court sentenced Teters in July 2019. Teters requested the minimum sentence from the plea agreement and the State did not oppose that the request. The court referred to an amended PSI report that was filed in July 2019. The court determined that Teters had six driving under the influence charges between 2008 and 2017. The court then sentenced Teters to 12 months in jail followed by 12 months of postrelease supervision.

Teters timely appeals his sentence.

2

*Does the Kansas Sentencing Guidelines Act Violate § 5 of the Kansas Constitution Bill of Rights?*

Teters argues that the sentencing court's use of judicial findings of previous convictions to sentence him under the Kansas Sentencing Guidelines Act (KSGA) violates § 5 of the Kansas Constitution Bill of Rights. Teters' argument, in brief, is that § 5 preserves the right to a trial by jury as inviolate. Thus, Teters concludes that the State must prove to a jury beyond a reasonable doubt any fact which increases the penalty for a crime—including the defendant's prior criminal convictions. Therefore, a judicial finding of previous crimes "infringes upon the common law right to a jury trial on penalty-enhancing prior conviction findings, and is, thus, unconstitutional."

Teters reproduces, almost verbatim, the same challenge to the KSGA that this court has previously rejected from other defendants. See *State v. Hollon*, No. 121,476, 2020 WL 3885912 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* August 5, 2020; *State v. Lovett*, No. 121,287, 2020 WL 3579874 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* August 3, 2020; *State v. Davis*, No. 121,662, 2020 WL 3579911 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* July 28, 2020; *State v. Billoups*, No. 120,040, 2020 WL 1969356 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 20, 2020; *State v. Brown*, No. 120,590, 2020 WL 1897361 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 18, 2020; *State v. Haskell*, No. 121,280, 2020 WL 1222941 (Kan. App. 2020) (unpublished opinion); *State v. Biurquez*, No. 121,197, 2020 WL 288532 (Kan. App. 2020) (unpublished opinion); *State v. Suttle*, No. 121,349, 2020 WL 2781686 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* June 24, 2020; *State v. Hayes*, No. 120,801, 2020 WL 3579871 (Kan. App. 2020) (unpublished opinion); *State v. Smith*, No. 121,267, 2020 WL 3022874 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* June 29, 2020; *State v. Spencer*, No. 120,902, 2020 WL 2296953 (Kan. App. 2020)

(unpublished opinion), *petition for rev. filed* June 19, 2020. Although this court is not bound by these previous 11 unpublished decisions, their well-reasoned analysis was used to reach the same conclusion in this court's published opinion in *State v. Albano*, 58 Kan. App. 2d 118, 464 P.3d 332 (2020), *petition for rev. filed* May 20, 2020.

In *Albano*, this court explained that our Supreme Court ruled 85 years ago that the Kansas Constitution does not require a jury to determine criminal history, citing *Levell v. Simpson*, 142 Kan. 892, 52 P.2d 372 (1935). *Albano*, 58 Kan. App. 2d at 133-34. In *Levell,* the defendant challenged his sentence, arguing that he had a right under the state and federal constitutions to have a jury determine whether he had prior convictions. Our Supreme Court declaratively stated that the defendant "had no such privilege under Kansas law." 142 Kan. at 894. More recently, our Supreme Court has expressly rejected the argument that § 5 requires a jury to make the fact-findings associated with a hard-40 determination. See *State v. Conley*, 270 Kan. 18, 35-36, 11 P.3d 1147 (2000). When provided with an opportunity to revisit and reevaluate this long-standing rule as applied to the KSGA, our Supreme Court has declined to do so. See *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App. 2019) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). Thus, we adopt *Albano*'s conclusion: "Kansas' position has always been that, under the state constitution, a defendant does not have a right to have a jury determine prior convictions for sentencing purposes." 58 Kan. App. 2d at 134. We reject Teter's § 5 argument and affirm the trial court.

Affirmed in part and dismissed in part.